**DURYEA et al. v. RILEY, District Director of Office of Price Administration, et al.**

No. 46 C 352.

District Court, N. D. Illinois, E. D.

June 18, 1946.

Gardner, Morrow, Fowler & Merrick, of Chicago, Ill., for plaintiff.

Milton Klein, of Washington, D. C., and Amos J. Coffman and Homer C. Clay, both of Chicago, Ill., for defendants.

SULLIVAN, District Judge.

The complaint in this case alleges that plaintiffs bring the action to obtain an injunction to prevent defendants from reducing their just and lawful allocation of sugar under Ration Order No. 3, as amended, and for a declaratory judgment to determine whether defendants were in error in refusing to grant plaintiffs an increase of their sugar base under said Ration Order. The complaint sets out that jurisdiction is conferred upon this Court by Section 205(g) of the Emergency Price Control Act of 1942, as amended, 50 U.S.C.A. Appendix, § 925(g), and pursuant to Sec. 274d of the Judicial Code, 28 U.S.C.A. § 400.

The affidavit of L. N. Duryea, in support of motion for preliminary injunction, sets out that L. N. Duryea and David F. Hoy, two of the plaintiffs, acquired the machinery, equipment, raw materials, supplies and good will of the Criswell Candy Company on January 6, 1941. Due to the fact that Mr. Criswell had been ill, the company's operations were far below normal at the time it was taken over by Duryea and Hoy, consequently the first six months of operation by the new corporation were at only about 10% of the capacity of the ma-

chinery and equipment which had been acquired. During April 1942 the Office of Price Administration promulgated Ration Order No. 3 for the rationing of sugar. The regulations provided that the year 1941 should be considered the base year, and the use of sugar by an industrial user during that year should determine his base. Under this criterion plaintiffs, who manufactured high quality low-priced candy, were entitled to a base of 73,860 pounds in the first quarter from January 1 to March 31, and a base of 69,100 pounds for the second quarter from April 1st to June 30th. In contrast to the first and second quarters, the sugar used in the third quarter was nearly three times as great as the second quarter, being 183,900 pounds, and the fourth quarter was even greater, being 200,650 pounds, and that the last two quarters reflected a more normal operation and use of plaintiff's facilities. In May, 1943, plaintiffs Duryea and Hoy requested defendant E. Worthington Walters to undertake the job of sales manager for the new corporation, but he was only willing to do this upon the condition that he be given an interest in the company, whereupon a partnership was formed in which Walters was given a 10% interest, the partnership doing business as The King Cole Company, Duryea and Hoy retaining a 90% interest therein. February 8, 1944, plaintiffs filed an application with the Washington Office of Price Administration for an increase in their annual sugar base, and on March 16, 1944, their base was increased from 527,500 pounds to 601,123 pounds. On various dates thereafter plaintiffs requested reconsideration of what they considered was a wholly inadequate increase. Plaintiffs were informed that because of the change of King Cole Candies Co., Inc., to King Cole Company, a partnership, no adjustment could be made because of a policy requiring that no adjustment of base be made where the establishment had been transferred from one owner to another; but plaintiffs claim that no such policy has ever been set forth in Ration Order No. 3 or in any other order or regulation. On October 8, 1945, plaintiffs were informed that a change in this policy was contemplated and they thereupon requested a reconsideration of their application. In connection therewith the Washington Office of Price Administration asked for certain detailed information in order that full and fair consideration might be given plaintiffs' application for an increased sugar base. On February 21, 1946, without giving plaintiffs an opportunity to be heard on their request for increase in their sugar base, L. Edward Knapp, Head, Industrial Petitions Section Sugar Rationing Division in Washington, issued an order stating that the original increase granted to plaintiffs on March 16, 1944, was "erroneous" and that plaintiffs, instead of being entitled to an increase in their sugar base, had received an over-issue of sugar, and at the same time the District Office in Chicago was directed to determine the amount of "excess issuance" and to recapture the same.

Five days after the receipt of said order plaintiffs filed the complaint in this case and summons was served upon defendants, James Riley and Paul Porter.

February 26, 1946, plaintiffs filed their motion for a preliminary injunction. March, 1946, and May, 1946, plaintiffs filed the affidavits of E. Worthington Walters in support of the motion for preliminary injunction.

March 21, 1946, defendant Paul A. Porter filed his motion to dismiss and to quash service; and on the same date defendant James Riley filed his motion to dismiss the complaint and to dismiss the action for declaratory judgment.

Both motions set out that Paul Porter resides officially in the District of Columbia and that he can only be served at the place of his official residence; that he is an indispensable party to this proceeding, and if he cannot be served in this District then the action must be dismissed. The motions also allege that this action is one in effect against the United States which cannot be sued except with its consent. The motion of James Riley also sets out that this proceeding does not constitute an action to enjoin an order of suspension of an allocation pursuant to procedural regulation No. 4 issued by the Office of Price Administration.

I shall decide first the question of whether or not the order here complained of is a suspension order, because if not then this court has no jurisdiction. Plaintiff says that the order is one for the withdrawal of an allocation granted some two years previously accompanied by a direction that there be a retroactive recapture of what is designated as an over-issue of sugar.

Plaintiffs insist that this order comes directly within the terms of Section 2(a) (9) of the Second War Powers Act, 50 U.S. C.A.Appendix, § 633, in that it falls within the description of "any order suspending any priority or allocation * * * that may have been issued by any person, officer, or agency, acting or purporting to act hereunder, or under any other law or authority."

This court is first and primarily concerned with the question of whether it has jurisdiction to enjoin respondents from putting into effect the order in question.

By section 2(a) (2) of Title III of the Second War Powers Act the President was given authority to allocate certain materials and facilities, the Act also providing that the President might exercise the power thus conferred upon him · through such department or agency of the Government as he might direct, and in conformity with such rules or regulations as he might prescribe. Pursuant to Executive Order, No. 9125, April 7, 1942, those powers were delegated by the President to the Chairman of the War Production Board who in turn delegated them to the Administrator of the Office of Price Administration which Office had been created under the Emergency Price Control Act of 1942, and it is an order of the Price Administrator which is here being considered. ·

The jurisdiction of this court is invoked under Section 205(g), which reads as follows:

"The district courts shall have exclusive jurisdiction to enjoin or set aside, in whole or in part, orders for suspension of allocations, and orders denying a stay of such suspension, issued by the Administrator pursuant to section 2(a) (2) of the Act of June 28, 1940, as amended by the Act of May 31, 1941, and title III of the Second War Powers Act, 1942, and under authority conferred upon him pursuant to section 201(b) of this Act. Any action to enjoin or set aside such order shall be brought within five days after the service thereof. No suspension order shall take effect within five days after it is served, or, if an application for a stay is made to the Administrator within such five-day period, until the expiration of five days after service of an order denying the stay. No interlocutory relief shall be granted against the Administrator under this subsection unless the applicant for such relief shall consent, without prejudice, to the entry of an order enjoining him from violations of the regulation or order involved in the suspension proceedings."

At the suggestion of the Court plaintiffs amended their complaint also invoking the jurisdiction under Section 2(a) (9) of Title III of the Second War Powers Act of 1942, as amended, which reads as follows:

"(9) The district courts of the United States are hereby given exclusive jurisdiction to enjoin or set aside, in whole or in part, any order suspending any priority or allocation, or denying a stay of any such suspension, that may have been issued by any person, officer, or agency, acting or purporting to act hereunder, or under any other law or authority.

"Any action to enjoin or set aside any such order shall be brought within five days after the service thereof.

"No suspension order shall take effect within five days after it has been served, or, if an application for a stay is made to the issuing authority within such five-day period, until the expiration of five days after service of an order denying the stay.

"The venue of any such suit.shall be in the district court of the United States for the district in which the petitioner has his principal place of business; and the respondent shall be subject to the jurisdiction of such court after ten days before the return day of the writ, either when (1) process shall have been served on any district manager or other agent of the respondent of similar or superior status; or (2) notice by registered mail shall have been given to respondent, or to the office of the Attorney General of the United States."

The question first arises as to whether or not the order here under consideration is a "suspension order," under either of the provisions above cited.

Plaintiffs contend that the order in question attempts to withdraw or suspend an increased allocation granted by the Administrator some two years previously, the withdrawal order being predicated on an error made by the Office of Price Administration in Washington in computing the original allocation, and that said order, without notice to them, withdrawing their allocation after it had been granted to them, is arbitrary and unreasonable. Plaintiffs admit that they never have violated any of the Office of Price Administration regulations, and complain only that their rights have been taken from them without a hearing, and that jurisdiction is granted to this court by Section 205(g) of the Emergency Price Control Act and Section 2(a) (9) of Title III of the Second War Powers Act to enjoin an order suspending any priority or allocation.

Defendants contend that it is not a suspension order, and that therefore this court is without jurisdiction under the said sections to enjoin its enforcement.

The attention of the Court has been directed to Revised General Order No. 45 entitled "Hearing Administrator and Hearing Commissioners Delegation of Authority," issued February 6, 1943, effective March 1, 1943, the first paragraph of which provides that the hearing commissioner is first to determine whether there has been a violation of any regulation or order of the Administrator, and "upon such determination to issue such suspension orders and take such other action as may be appropriate in the premises." Order No. 45 then provides the "Procedure for Issuance of Rationing Suspension Orders" and finally defines a "suspension order" as follows:

"(e) 'Suspension order' means an order of allocation which regulates or suspends for a period the acquisition, sale, transfer, delivery, or other disposition or use of rationed commodities or facilities, issued against a person who has acted in violation of a ration order or regulation."

A reading of Section 205(g) of the Emergency Price Control Act of 1942, as amended, as well as of Section 2(a) (9) of Title III of the Second War Powers Act of 1942, as amended, convinces me that under both sections the jurisdiction of the District Court may only be invoked when it is sought to restrain or enjoin an order suspending any priority or allocation, and designated in both sections as a suspension order. Such a suspension order is issued only where one has acted in violation of a ration order or regulation, and plaintiffs insist that they have never violated any of the orders or regulations of the Office of Price Administration. The case of L. P. Steuart & Bros. v. Bowles, 322 U.S. 398, 64 S.Ct. 1097, 1100, 88 L.Ed. 1350, cited by both sides in this controversy, held that "The suspension order rests on the findings of serious violations repeatedly made."

I do not believe that either Section 205 (g) of the Emergency Price Control Act or Section 2(a) (9) of Title III of the Second War Powers Act of 1942 are applicable to the present situation, on the ground that the order complained of is not a suspension order as that term is defined in the regulations. The order here complained of is one issued by the Price Administrator advising the plaintiffs that an error had been made in the increase of sugar base granted to them, whereby they had received an over-issuance; that they were accordingly to be restored to their original basis, and the District Office was to determine the amount of over-issuance, and then proceed to recapture the same. It is readily apparent that this is not a suspension order as the same is defined in the Regulations, so as to bring it under Sections 205(g) or 2(a) (9); and while a user of an allocated commodity, as in the instant case, may encounter difficulties and hardships in securing what he considers his just quota under the law, nevertheless Congress has enacted this law, and it is the province of the court only to construe it.

I am therefore of the opinion that the District Court does not have jurisdiction to enjoin defendants from enforcing the order under consideration. Defendants' motion to dismiss is allowed.